## R. A. Humphrys' Sons, Inc. *v.* Charles Higgins, Appellant.

Argued October 24, 1930.

Before TREXLER, P. J., KELLER, LINN, GAW-THROP, CUNNINGHAM and BALDRIGE, JJ.

*Albert T. Hanby,* and with him *Frank Bechtel, Jr.,* for appellant.

*Alvin Levi* of *Levi & Mandel,* for appellee.

OPINION BY CUNNINGHAM, J., January 30, 1931:

Plaintiff brought suit in the municipal court, upon an open book account, to recover $204.12 for awnings and other canvas goods sold and delivered to defendant. The account showed charges, under dates of January 12, 19 and 31, 1922, aggregating $581.28 and a credit under date of June 30th of that year for goods returned of the value of $197.16, leaving a balance due, as of that date, of $384.12. The summons was not issued until February 14, 1930, more than six years after the last delivery. In its statement plaintiff averred "defendant has repeatedly promised to pay the amount of the said claim within the past six years, both verbally and in writing." Defendant in his affidavit did not deny the sale and delivery of the merchandise but pleaded the statute of limitations as his defense. In passing, it may be observed that the averment by plaintiff of verbal promises to pay the claim is not sufficiently specific as the time, place or substance is not stated. Defendant denied generally the making of any verbal promises, and having filed an affidavit of defense instead of attacking the sufficiency of the averment, is not now in position to raise that question.

The case, however, does not turn upon alleged verbal promises. In support of its averment of a promise in writing, plaintiff attached to its statement a copy of a letter written by defendant to it under date of October

17, 1924, and also a copy of a letter written by plaintiff to defendant under date of March 15, 1927, relative to the account, upon the bottom of which he endorsed his reply and returned the letter to plaintiff. Defendant admitted in his affidavit the sending of both communications. In view of the admissions contained in the affidavit, plaintiff obtained a rule for judgment upon the ground of its insufficiency and this appeal is from the action of the court below making absolute that rule. A consideration of the effect of the letters is therefore necessary. The first is evidently a reply to a request from plaintiff for payment of the account; after stating that certain awnings had proven unsatisfactory defendant continued: "I have also asked several dozen times how your bookkeeper can get me on the books owing $384, when I have my statements showing I owe you $204. When bill is corrected to the correct amt. $204 I will send my check immediately, but I do not intend to have a squabble by recognizing your bill of $384." In the communication under date of March 15, 1927, defendant said: "It behooves you to wake up to the fact I am not going to pay anything but $204.12 unless a court orders me to (I also have a claim on 1,200 yds. khaki)." Subsequently, under date of May 24, 1928, plaintiff entered an additional credit on its books for the defective awnings in the sum of $180, thereby making the total credits $377.16 and the balance due $204, for which amount this suit was brought.

Defendant contends the statements were not sufficient to toll the statute and argues that they amounted to no more than conditional offers of compromise. In support of this contention his counsel quotes from the middle of a paragraph in his first letter the words "when I have my statements" et cetera, and suggests that this language makes the entire statement merely a conditional offer. We do not so read the paragraph.

Its plain interpretation is that defendant asked how plaintiff's bookkeeper could properly have him charged with $384 when his (defendant's) accounts showed that he owed only $204. When defendant's first written statement is considered in the light of his second and the other facts appearing from the pleadings, we are of opinion that it was an admission, in clear, distinct and unambiguous language, of an indebtedness to plaintiff in the sum of $204 and a promise to pay that amount on demand. Clearly, defendant's language cannot, without distortion, be construed as an offer by one disputing an entire claim to pay a designated sum by way of compromise and for the purpose of avoiding the trouble, hazard and expense of litigation. We think defendant's statements were sufficient to toll the statute as to the indebtedness admitted and as suit was brought for that amount alone the judgment was properly entered in the court below. The suggestion by counsel for defendant that if this view be adopted no interest should be allowed, because the statements should then be treated as a tender, is without merit. No tender sufficient to bar the running of interest was pleaded or made. The assignments to the entering of the judgment and the assessment of damages are dismissed.

Judgment affirmed.